**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Luis SOTO–GUEVARA, Defendant–Appellant.**

No. 10–10320.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 15, 2011.*

Filed March 17, 2011.

Robert A. Bork, U.S. Attorney's Office, Las Vegas, NV, for Plaintiff–Appellee.

Jason F. Carr, Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

Before: CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

## MEMORANDUM **

Luis Soto–Guevara appeals from the 17-month sentence imposed following his guilty-plea conviction for being a deported alien found unlawfully in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Soto–Guevara contends that the staleness of his prior conviction and minimal criminal history renders his sentence substantively unreasonable. In light of the totality of the circumstances and the 18 U.S.C. § 3553(a) sentencing factors, Soto–Guevara's below-Guidelines sentence is substantively reasonable. *See United States v. Carty,* 520 F.3d 984, 991–93 (9th Cir.2008) (en banc).

Soto–Guevara also contends that his sentence is unreasonable because his prior conviction for sale a controlled substance, in violation of California Health & Safety Code § 11352(a), would not have triggered the 12–level enhancement under U.S.S.G. § 2L1.2(b)(1)(B) for a prior felony drug trafficking conviction before the November 1, 2008 amendments. The district court did not plainly err in applying the enhancement where Soto–Guevara committed the current illegal re-entry offense following the November 1, 2008 amendment's addition of "offer to sell" to the 12–level enhancement.

Finally, Soto–Guevara contends that his sentence is unreasonable because his prior sale of a controlled substance conviction does not qualify as an aggravated felony. The district court did not plainly err because Soto–Guevara concedes his prior conviction qualified as a drug trafficking offense under U.S.S.G. § 2L1.2(b)(1)(B), and thus, the 12–level enhancement was appropriate even though Soto–Guevara's prior offense was not a statutory "aggravated felony" under 8 U.S.C. § 1101(a)(43).

**AFFIRMED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.